UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Destiny Strudwick and Yasmin Geurts,

                        Plaintiffs,

      - against-

The City Of New York, Captain Tarik Sheppard, Officer Risel Martinez, Shield No. 22049 Officer Luis Negron, Shield No. 26897, and John Does #1-4
                        Defendants.
------------------------------------------------------------------------X

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND

21-cv-02236-PKC-RLM

Plaintiffs, by their attorneys, LIAKAS LAW, P.C., as and for this Complaint, alleges as follows:

**Preliminary Statement**

1. This is a civil rights action in which plaintiffs seek relief through the laws of the United States and the State of New York for the violation of their right to be Free of Unreasonable Search and Seizure under the United States and the New York State Constitutions.

2. The claim arises from a June 4, 2020 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to false arrest, malicious prosecution, assault, battery, and uses of excessive force.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper

**JURISDICTION & VENUE**

4. Within 90 days of the incidents alleged in this complaint, Plaintiffs served upon Defendant, City of New York, a Notice of Claim setting forth the name and post office

address of Plaintiffs, the nature of the claim, the time when, the place where and the manner in which the claim arose, and the items of damages or injuries claimed.

5. More than 30 days have elapsed since Plaintiffs' Notice of Claim was served on Defendant.

6. Venue is proper in the United States District Court for the Eastern District of New York in that Defendants removed this action from the Supreme Court of the State of New York, Kings County based on federal question jurisdiction.

## PARTIES

7. Plaintiff Destiny Strudwick is a resident of the State of New York, Kings County.

8. Plaintiff Yasmin Geurts is a resident of the State of New York, Kings County.

9. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10. NYPD Captain Tarik Sheppard, Officer Risel Martinez, Shield No. 22049, Officer Luis Negron, Shield No. 26897, and John Does #1-4 were at all relevant times police officers of the NYPD, and as such were acting in the capacity of agent, servant and employee of the City of New York. On information and belief, defendants Sheppard, Martinez, Negron and John Does #1-4 were involved in the illegal arrest and prosecution of plaintiffs, the

       assault/battery committed against Plaintiffs and/or failed to intervene in the actions of their fellow officers. Defendants Sheppard, Martinez and John Does #1-4 are sued in their individual capacities.

11. John Does #1-4 are individual police officers involved in the arrest and prosecution of Plaintiff whose names are not presently in Plaintiff's possession.

## FACTUAL HISTORY

12. On June 4, 2020 Plaintiffs were participating in lawful protests related to the death of George Floyd, and more generally police accountability.

13. Plaintiffs were engaged in peaceful protest in the Williamsburg section of Brooklyn.

14. The protest continued in front of a roadblock erected by the NYPD for several minutes.

15. Upon information and believe, the roadblock was near the intersection of Penn Street and Whythe Avenue.

16. After several minutes, the Plaintiffs as well as many others turned to leave the area of the NYPD roadblock.

17. As the Plaintiffs turned to leave the area, NYPD officers including the defendants charged into the protesters and began using force against them.

18. The Plaintiffs were separated from each other as they attempted to avoid the officers' use of force against them.

19. The Plaintiffs tried to locate each other so they could leave the area together.

20. As she was looking for Ms. Geurts, one of the defendant officers approached Ms. Strudwick aggressively, and tackled her to the ground.

21. Additional officers, including defendants joined in the assault of Ms. Strudwick.

22. Defendants applied force to Ms. Strudwick about her body, as she lay on the ground.

23. Captain Sheppard discharged a "TASER" weapon into Ms. Strudwick, and triggered an electric shock attack through the weapon.

24. Upon information and belief, Defendant Martinez was among the officers who tackled and struck Ms. Strudwick, and was present as she was tased.

25. Ms. Strudwick did not resist the officers, nor did she strike or attempt to strike the officers, and posed no risk to officer safety.

26. Ms. Strudwick was arrested by the officers.

27. Defendant Martinez was the arresting officer for Ms. Strudwick.

28. Upon information and belief, Captain Sheppard ordered the arrest of Ms. Strudwick.

29. Ms. Strudwick was taken to the emergency room for treatment of her injuries.

30. Ms. Strudwick was released hours later with a Summons to appear in court.

31. The charges alleged in the Summons issued to Ms. Strudwick were later dismissed.

32. As Ms. Geurts was attempting to locate Ms. Strudwick several defendant NYPD Officers began running at her position.

33. Ms. Geurts lied on the ground face first surrendering herself to avoid the offices using force against her.

34. The officers nevertheless grabbed Ms. Geurts forcibly by the arm, applied force to her back using their knees and other body parts, and pushed her face first into the ground.

35. Upon information and belief, Defendant Negron was among the officers who used force against Ms. Geurts.

36. Ms. Geurts did not resist the officers, nor did she strike or attempt to strike the officers, and posed no risk to officer safety.

37. Ms. Geurts was arrested by the defendant officers.

Case 1:21-cv-02236-PKC-RLM   Document 18   Filed 11/15/21   Page 5 of 8 PageID #: 63

38. Defendant Negron was the arresting officer for Ms. Geurts.

39. Defendants applied handcuffs to Ms. Geurts unnecessarily tight, in a manner designed to cause pain.

40. Ms. Geurts was taken to a police precinct to process her arrest.

41. Ms. Geurts requested multiple times for the officers to loosen her handcuffs as they were causing her pain.

42. Defendants tightened Ms. Geurts handcuffs further.

43. Defendants made sexually suggestive remarks regarding Ms. Geurts while she was in their custody.

44. Ms. Geurts was released hours later with a Summons to appear in court.

45. The charges alleged in the Summons issued to Ms. Geurts were later dismissed.

46. At all times herein, the defendants lacked probable cause to believe Plaintiffs had committed any crime.

47. Defendants acted under color of law at all times during this incident.

## DAMAGES

48. As a direct and proximate result of the acts of defendants, Plaintiffs suffered the following injuries and damages:

    a. Violation of their Federal and New York State Constitutional right to Due Process of Law;

    b. Violation of their Federal and New York State Constitutional right to be free from unreasonable searches and seizures;

    c. Loss of Liberty;

    d. Physical pain and suffering;

    e. Physical injuries;

    f. Economic loss

    g. Emotional distress, including fear, anger, embarrassment, depression, and anxiety.

## FIRST CAUSE OF ACTION
(False Arrest Under New York State Law)

49. The above paragraphs are here incorporated by reference.

50. Defendants subjected plaintiffs to false arrest, false imprisonment, and deprivation of liberty without probable cause.

51. Defendants intended to confine plaintiffs and in fact confined them.

52. Plaintiffs were conscious of the confinement and did not consent to it.

53. The confinement of Plaintiffs was not privileged.

54. Plaintiffs were damaged by their wrongful imprisonment.

## SECOND CAUSE OF ACTION
(Assault Under New York State Law)

55. The above paragraphs are here incorporated by reference.

56. Defendants made plaintiffs fear their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

57. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiff under common law, and the laws and Constitution of New York State.

58. Plaintiffs were damaged by defendants' assault.

## THIRD CAUSE OF ACTION
(Battery Under New York State Law)

59. The above paragraphs are here incorporated by reference.

60. Defendants engaged in and subjected plaintiffs to immediate harmful and/or offensive touching and battered them.

61. Defendants used excessive and unnecessary force against plaintiffs.

62. Plaintiff was damaged by defendants' battery.

## FOURTH CAUSE OF ACTION
(Respondeat Superior)

63. The above paragraphs are here incorporated by reference.

64. The defendants' tortious acts were undertaken within the scope of their employment by Defendant City of New York and in furtherance of the Defendant City of New York's interest.

65. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant City of New York, Plaintiffs were damaged.

66. The City of New York is liable for the tortious acts of its employees by reason of respondeat superior.

## FIFTH CAUSE OF ACTION
(42 U.S.C. §1983)

67. The above paragraphs are here incorporated by reference.

68. Defendants have deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and have conspired to deprive them of such rights and are liable to Plaintiffs under 42 USC § 1983.

69. Defendants' conduct deprived Plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

70. Defendants' conduct deprived Plaintiffs of their right to due process of law, pursuant to the Fourteenth Amendment to the United States Constitution.

71. Defendants falsely arrested plaintiffs without probable cause to believe either plaintiff had committed a crime, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

72. Defendants used excessive and unnecessary force against Plaintiffs, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

73. Defendants failed to intervene in each other's obviously illegal actions.

74. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## JURY DEMAND

75. Plaintiffs demand trial by jury.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendants as follows:

(A) compensatory damages in an amount to be determined at trial for each of Plaintiff's Causes of Action;

(B) punitive damages in an amount to be determined at trial;

(C) an order awarding Plaintiff reasonable attorneys' fees and costs;

(D) such other further relief as the Court may deem just and proper.

Dated: New York, New York
November 15, 2021

Yours, etc.
LIAKAS LAW, P.C.

By: _____
Nicholas Mindicino, ESQ.
*Attorneys for Plaintiff*
65 Broadway, 13th Floor
New York, New York 10006
(212) 937-7765