UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

DESTINY STRUDWICK and YASMIN GEURTS,

                                  Plaintiffs,

                -against-

THE CITY OF NEW YORK, POLICE CAPTAIN TARIK
SHEPPARD, POLICE OFFICER RISEL MARTINEZ, AND
POLICE OFFICER LUIS NEGRON

                                  Defendants.
--------------------------------------------------------------------------X

**STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER**

21-Civ-2236 (PKC) (RLM)

**WHEREAS**, the parties  intend to produce certain documents pursuant to Rule 26 of the

Federal Rules of Civil Procedure that the parties deem or may deem to be confidential, private,

subject to an applicable privilege, or otherwise inappropriate for public disclosure;

**WHEREAS**, the parties objects to the production of those documents unless appropriate

protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and

between the attorney for Plaintiffs and Defendants as follows:

1.      This Matter shall mean *Strudwick v. City of New York, et al.*, 21-Civ-2236 (PKC)

(RLM).

2.      As used herein, without waiving the right to later interpose objections concerning

these documents, "Confidential Materials" shall mean:

      a.    Employment/personnel related records for the individual Defendants,
            including performance evaluations;

      b.    Any other disciplinary histories or other records  from Civilian Complaint
            Review Board, Internal Affairs Bureau, other New York City Police

Department divisions or any other governmental agency for the individual Defendants;

c.   Full names and contact information of non-party individuals and/or witnesses;

d.   Any video taken with a New York City Police Department issued camera, or body-worn camera, or by a member of New York City Police Department;

e.   Any New York City Police Department internal investigation files related to this matter;

f.   Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the parties or the Court.

3.   The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by Plaintiffs from sources other than Defendant, (b) obtained by Defendants from sources other than Plaintiffs, or (c) are otherwise publicly available.

4.   The parties shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to opposing counsel.

5.   The parties shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third-parties.

6.   Any documents produced by a non-party pursuant to a subpoena in this Matter and that are designated as Confidential Materials by Defendants or Plaintiffs shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

7.      Each party reserves the right to designate any document confidential pursuant to this agreement if necessary after production of such document.

8.      Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

9.      If a party objects to the designation of particular documents as "Confidential Materials," that party shall state such objection in writing to the designating party, and the parties shall endeavor in good faith to resolve such an objection.  If such an objection cannot be resolved, then the objecting party shall seek judicial intervention.  Any such materials or information shall remain confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

10.     Confidential Materials may not be used for any purpose other than for the preparation or presentation of this Matter.

11.     Counsel shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a.  Disclosure may be made only if necessary to the preparation or presentation of the party's case in this Matter, to those individuals described in the subparagraphs below.

b.  Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Matter, to a witness at deposition, or to the Court.

c.  Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the disclosing party's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

12.    Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

13.    If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

14.     Where the confidential information is not material to issues addressed in court submissions and the producing party agrees in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

15.     Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendants' attorneys or, upon Defendants' attorneys' consent, destroyed; except that Plaintiff's counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing Plaintiff's attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect Plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

16.     Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned or, upon consent, destroyed; except that Defendants' counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing Defendants' attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect Defendants'

own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

17.     Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit either Party's use of their own Confidential Materials in any manner.

18.     This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by either Party, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

19.     This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

20.     The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Matter and their counsel.

Dated:  New York, New York
        May 16, 2022

**NICHOLAS H. MINDICINO, ESQ.**           **HON. SYLVIA HINDS-RADIX**
LIAKAS LAW P.C.                          CORPORATION COUNSEL FOR THE CITY OF NEW YORK
*Attorney for Plaintiffs*                *Attorney for Defendants*

- 6 -

By: _____        By: /s/  _Giancarlo S. Vecchiarelli_

Nicholas H. Mindicino, Esq.          Giancarlo S. Vecchiarelli
65 Broadway, 13th Floor              Assistant Corporation Counsel
New York, New York 10006             Special Federal Litigation
                                     100 Church Street
                                     New York, New York 10007
                                     (212) 356-2410
                                     GVecchi@law.nyc.gov


SO ORDERED:


_____
**HONORABLE ROANNE L. MANN**
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation of Confidentiality and Protective Order issued in the action entitled *Strudwick v. City of New York, et al.*, 21-Civ-2236 (PKC) (RLM), and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Stipulation of Confidentiality and Protective Order, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                                   Signature

                                       _____
                                       Print Name